McCANTS et al. v. PENINSULAR LAND CO. et al.

(Circuit Court of Appeals, Sixth Circuit.   May 13, 1895.)

No. 233.

JUDGMENT—COLLATERAL ATTACK—PLEADING.
    One M., a citizen of Louisiana, died, leaving a will by which he disposed of other property, but not of an inchoate land claim arising under the treaty of cession of Louisiana and the acts of congress pursuant thereto. Such claim was afterwards sold in proceedings instituted in a Louisiana parish court to administer the same as a part of his estate. *Held*, in a suit seeking to impeach, collaterally, such proceedings in the parish court, that an allegation that the succession of M. was duly opened and fully administered in the proper court in 1865 (before the proceedings sought to be impeached), and was accepted by his heirs and owners of all the assets of said estate capable of being reduced to possession, was insufficient to show that the land claim was not properly administered in the proceedings questioned.

    Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

This was a suit by David A. McCants and others against the Peninsular Land Company and others to impress a trust upon the legal title to certain lands and for an accounting. The circuit court sustained a demurrer to the bill. Complainants appeal. Affirmed.

Robert B. Lines and Dwight C. Rexford, for appellants.

H. M. Duffield and J. T. Keena, for appellees.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge. This case also is like those of Garrett v. Boeing (No. 197) 68 Fed. 51; Hodge v. Palms (No. 232) Id. 61; Morancy v. Palms (No. 234) Id. 64; and Fletcher v. McArthur (No. 235) Id. 65,—and is the case of a suit in equity brought by certain persons claiming to be the representatives of one David McCants, an original owner of a deferred Louisiana land claim, against persons who derive their title under patents from the United States to land located under a certificate of the surveyor general of Louisiana, approved by the commissioner of the general land office, issued by the former officer to one who represented himself to be the purchaser of the claim at a probate sale of it as of the succession of the original owner. The defendants demurred. The demurrer was sustained, and the bill dismissed. The facts are in all material respects the same as in the Garrett Case (No. 197) Id., the only difference worthy of attention being that in this the original owner, McCants, left a will whereby he devised his other property, but as to this land claim died intestate. The bill states "that the succession of the said David McCants was duly opened and fully administered in the proper court of the said parish of East Feliciana in the year 1865, and was in said year accepted by his said heirs and owners of all the assets of said estate capable of being reduced to possession,"—an exceedingly vague allegation, which we have some difficulty in construing. There is no allegation that there was any order of the court disposing of anything, and, as this claim was not one capable of being reduced to possession, the inference is that it was not administered at all, but was an unnoticed waif. That being so, it was competent for the parish court to administer it in an independent proceeding. Whether it would have been a more regular way to have opened the first proceedings, and dealt with it in that, we do not undertake to say. There was a choice of ways. This brings the case within the scope of the same principles as those upon which the Garrett Case was decided, and leads to an affirmance of the decree. The decree of the court below is accordingly affirmed.